# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                   Case No. 08-CR-190

FELIX ALVAREZ, et. al.,

        Defendants.

## RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE DENIED

On April 24, 2009, this court ordered that within 30 days the government shall disclose to defendant Felix Alvarez ("Alvarez") the identity of an individual identified in the discovery as "CW3." (Docket No. 118 at 10-11.) The government failed to do so and on June 19, 2009 Alvarez filed a motion to dismiss the indictment as a sanction for the government's failure to comply with this court's order. (Docket No. 135.) The government has responded to this motion to dismiss. (Docket No. 136.) Chief Judge Rudolph T. Randa has referred this motion to dismiss to this court for a recommendation as to its resolution.

In the government's response, the Assistant United States Attorney handling this prosecution states that the government's failure to comply with this court's order was a result of his having misread the court's order. He incorrectly understood the order as requiring disclosure of the identity of CW3 30 days before trial, rather than as the court actually ordered, within 30 days from the date of the order. (Docket No. 136.)

If the government fails to comply with a discovery order, a court has the discretion to impose sanctions pursuant to Federal Rule of Criminal Procedure 16(d)(2). United States v. De La Rosa, 196 F.3d 712, 716 (7th Cir. 1999). In crafting any sanction a court should impose the least drastic remedy necessary to adequately address the violation. Id. (citing United States v. Dennis, 115 F.3d 524, 534 (7th Cir. 1997)).

Dismissal of an indictment is perhaps the most drastic sanction available to a court and it is one that the court finds to be far too extreme for the present circumstances. The court accepts the government's representation that its failure to comply with the court's order was a simple mistake rather than an intentional effort to frustrate Alvarez's ability to defend himself against the charge in the indictment. This court routinely orders the government to make certain disclosures, such as the identities of confidential informants, not less than 30 days before trial. In fact, in the order at issue, immediately before the relevant portion of the order, the court ordered the government to disclose "the identities of all confidential informants it may call in its case in chief and all related Giglio material not later than 30 days before the start of trial."

However, because the identities of certain confidential informants were particularly relevant to trial preparation for the defendants and in light of the fact that no trial date had been set, the court found it necessary to order the disclosure of this information sooner, and thus ordered disclosure within 30 days of the court's order. This court's past practices as well as the juxtaposition of the two distinct timeframes for disclosure in the same order presented a reasonable basis for the government's mistake. This certainly does not excuse the government's mistake—it is incumbent upon parties to carefully review all orders of the court—but it does provide a reasonable explanation.

Notably, the defendant has not demonstrated that he was prejudiced by the delay other than to speculate that a delay might make it "more likely it is that Alvarez will lose access to valuable information and evidence that might be used to impeach CW3's claim that he bought cocaine from Alvarez." (Docket No. 135.) Upon the government recognizing its mistake, it promptly complied

2

with the court's order, and thus the disclosure was 26 days beyond the court ordered deadline. The court finds that it is exceptionally unlikely that an additional 26 days made any substantive difference in Alvarez's ability to defend himself, particularly in light of the fact that this case has now been pending for nearly a year and relates to a conspiracy that began in 2005.

Further, a trial is not yet scheduled, "but one is expected within the next several months." (Docket No. 136.) Therefore, Alvarez has ample time to investigate CW3, and thus the court is unable to conclude that the government's 26-day delay "unduly surprised" Alvarez or that he "lacks an adequate opportunity to prepare a defense." De La Rosa, 196 F.3d at 716. The government's mistake was unintentional, did not result in any prejudice to Alvarez, and was promptly corrected once it was recognized. Accordingly, the court concludes that dismissal of the indictment is inappropriate.

**IT IS THEREFORE RECOMMENDED** that Alvarez's motion to dismiss be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of June 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge